**Juan M. PEREZ, Appellant,**

v.

**UNITED STATES of America.**

**No. 07–2701.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 March 6, 2008.

Filed March 17, 2008.

Juan Manuel Perez, Fort Dix, NJ, pro se.

Allan B.K. Urgent, Office of United States Attorney, Newark, NJ, for United States of America.

Before: AMBRO, FUENTES and JORDAN, Circuit Judges.

## OPINION

PER CURIAM.

Juan M. Perez appeals from an order of the United States District Court for the District of New Jersey dismissing his civil action against the United States. For the foregoing reasons, we will summarily affirm.

Perez filed a complaint under the Federal Tort Claims Act ("FTCA") claiming that Special Agents of the Secret Service took four pairs of prescription eyeglasses with other items they seized when they arrested him on an outstanding warrant. He sought return of the glasses by filing an administrative claim with the Secret Service, but the glasses were never returned. After Perez filed suit under the FTCA, the United States moved to dismiss the suit for lack of subject matter jurisdiction. It argued that the Secret Service agents were exempt from liability under the FTCA under 28 U.S.C. § 2680(c), which provides an exception to the government's waiver of liability for "[a]ny claim arising in respect of . . . the detention of goods, merchandise, or other property by any law enforcement officer." The District Court agreed that it lacked subject matter jurisdiction because the agents were exempt from the waiver of liability, and it dismissed the lawsuit. Perez filed this appeal.[1]

Summary action is warranted when "no substantial question" is presented by the appeal or when subsequent precedent warrants such action. *See* 3d Cir. LAR 27.4, I.O.P. 10.6. In this instance, summary

affirmance is entirely appropriate because the United States Supreme Court has recently held that the exception under § 2680(c) broadly applies to all law enforcement officers. *See Ali v. Federal Bureau of Prisons,* —— U.S. ——, 128 S.Ct. 831, 169 L.Ed.2d 680 (2008). Because Congress has not waived the United States' sovereign immunity for Perez' claim, the District Court properly dismissed the lawsuit for lack of subject matter jurisdiction.

We will summarily affirm the order of the District Court.

---

1. At the United States' request, we stayed the appeal pending the outcome of a United States Supreme Court case dealing with the exception from liability under 28 U.S.C. § 2680(c). *See Ali v. Federal Bureau of Prisons,* —— U.S. ——, 128 S.Ct. 831, 169 L.Ed.2d 680 (2008).